## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**SHAWN M. COOPER**        **:**

          **Plaintiff**       **:**      **CIVIL ACTION NO. 18-206**

       **v.**            **:**       **(JUDGE MANNION)**

**NANCY A. BERRYHILL**      **:**

         **Defendant**      **:**

### MEMORANDUM

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Martin C. Carlson (Doc. 22), which recommends that the decision of the Commissioner of Social Security ("Commissioner") be vacated and that this case be remanded to the Commissioner for further proceedings. Neither party has filed objections to the Report. Upon review of the Report and related materials, the findings reached by Judge Carlson in his Report will be adopted, but the court will enter judgment as noted below.

### I.     SUMMARY

Upon review of the record, the Commissioner's decision lacks the required substantial evidence to support the denial of the plaintiff's social security disability insurance benefits ("DIB"). Furthermore, the court finds that: (1) the Commissioner has previously had ample opportunity to develop

the record and has failed repeatedly to explain or support its determination with substantial evidence; and (2) the record, in this case, has been fully developed; there is substantial evidence that the plaintiff is disabled and entitled to benefits. Therefore, the Commissioner's decision will be **VACATED**, and the Commissioner will be directed to award plaintiff DIB.

## II.    STANDARD OF REVIEW

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

The record in this action has been reviewed under 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the

Commissioner's decision denying the plaintiff's claim for DIB under the Social Security Act ("Act"). 42 U.S.C. §§401-433, §§1381-1383f.

## III.   DISCUSSION

The Third Circuit Court of Appeals has established two scenarios where a district court may forego a remand to the Commissioner and award benefits to the claimant. Either the administrative record must be fully developed and substantial evidence on the record, as a whole, indicates the claimant is disabled and entitled to benefits *Podedworny v. Harris*, 745 F.2d 210, 221-22, (3d Cir. 1984) or "the Commissioner has previously had ample opportunity to develop the record and has failed repeatedly to explain or support its determination with substantial evidence." *Eary v. Halter*, No. 00-2910, 2001 U.S. Dist. WL 695045, at *6 (E.D.Pa. June 18, 2001) (citing e.g., *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000)). Both scenarios apply to the instant case and, as such, an award of benefits is appropriate.

The present case commenced over five years ago with the initial filing of plaintiff's application for DIB. Throughout this lengthy period, in addition to filing his application, plaintiff appeared and testified at two hearings before an Administrative Law Judge ("ALJ"), submitted medical evidence from numerous doctors, and filed the present appeal to this court. While the

court's review of the record has established the record is fully developed, it also highlighted the numerous opportunities the Commissioner had to explain or support her decision with substantial evidence yet failed to do so.

To properly form a decision supported with substantial evidence regarding an application for social security benefits, it is necessary for the ALJ, to analyze all probative evidence and set out the reasons for their decision. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla of evidence but may be less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

The record in the present case reveals an overwhelming amount of evidence supporting the plaintiff's disability. Nevertheless, the ALJ tiptoed around this mountain of evidence, which demanded an award of benefits by focusing on a thin layer of evidence in opposition. Two significant examples reveal the ALJ's lack of substantial evidence in his decision. First, when the ALJ assigned partial weight to the plaintiff's global assessment functioning ("GAF") scores, he focused only on the two highest GAF scores assigned to the plaintiff, while disregarding dozens of scores that indicated the plaintiff's

moderate, severe, and major impairments. Then, the ALJ assigned greater weight to the opinion of the State Agency psychological consultant's opinion, who never treated the plaintiff, than to the opinions of the plaintiff's treating psychiatrist and physician, who each treated him for years. Notably, in reaching his decision the ALJ assigned nothing more than partial weight to the five doctors' opinions submitted as evidence. Considering the thoroughness of Judge Carlson's Report, which contains specific details from each doctor's opinion, there is no need to rehash them here. However, it is clear that the majority of the medical evidence supports the plaintiff's disability.

There is no reading of the record that demonstrates the Commissioner's decision was supported by substantial evidence. In fact, a logical reading of the opinion reveals that it is not supported by any credible evidence. Thus, remand of this matter for further proceedings would serve little purpose other than to delay the inevitable award of benefits.

## IV.    CONCLUSION

In light of the foregoing, the Commissioner's decision will be **VACATED** and the Commissioner will be directed to award plaintiff DIB. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 9, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-206-01.docx